PER CURIAM.
Defendant James L. Smith was charged by bill of information with distribution of a Schedule III controlled dangerous substance (phencyclidine), in violation of La.R.S. 40:968(A). On June 28, 1978, defendant pleaded guilty to the charged crime. Subsequently, he was sentenced to serve four (4) years at hard labor in the custody of the Department of Corrections. Defendant now appeals to this Court.
We have reviewed defendant’s assignments of error regarding the failure of the trial court to grant a continuance[1] and the alleged denial of his right to a jury trial and conclude that they lack merit. However, we do find meritorious defendant’s argument that the trial court failed to comply with the provisions of Article 894.1 of the Code of Criminal Procedure. That article sets' forth grounds for imposition of sentence and factors which should be accorded weight in the trial court’s determination to suspend sentence or place a defendant on probation. It additionally provides that the “court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The record in this case does not reflect that the trial court complied with this mandate to particularize the sentence *137 to defendant. See State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978).
Accordingly, we vacate defendant’s sentence and remand the case to the trial court with instructions to resentence defendant in accordance with law.

. Defendant’s argument that he did not receive effective assistance of counsel is more properly raised by writ of habeas corpus, because of the inconclusiveness of the present record on the issue. See State v. Collins, 350 So.2d 590 (La.1977).