398 So.2d 1025 (1981)
STATE of Louisiana
v.
Larry DOKES.
No. 80-KA-2404.
Supreme Court of Louisiana.
April 15, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Duncan Kemp, Dist. Atty., Gordon Matheny, Abbott Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Thomas E. McDowell, Babovich, McDowell & Bukaty, New Orleans, for defendant-appellant.
PER CURIAM.
On September 6, 1978, defendant Larry Dokes was charged by bill of information with distribution of marijuana, a violation of La.R.S. 40:966 A(1). The defendant was found guilty as charged by the unanimous vote of a jury of twelve, and was sentenced to five years at hard labor. On appeal, defendant urged seven assignments of error.
We have reviewed the defendant's arguments relating to alleged trial errors and found them to lack merit. However, the remaining assignments, concerning the trial judge's failure to comply with La.C. Cr.P. Art. 894.1, warrant a remand for resentencing.
In imposing sentence, the trial court in the instant case failed to comply with the sentencing guidelines and provisions of La.C.Cr.P. Art. 894.1. The trial *1026 judge's reasons for imposing sentence as required by La.C.Cr.P. Art. 894.1 are an essential aid to this Court when reviewing a sentence for excessiveness and abuse of discretion. State v. Spencer, 374 So.2d 1195 (La.1979). Article 894.1 sets forth three factors which justify a sentence of incarceration and eleven factors which, although not excusing the defendant's conduct, tend to lessen his culpability. The trial judge is required to state for the record both the considerations he had taken into account and the factual basis for the imposition of sentence, particularizing the sentence to the offender and to the offense. State v. Jackson, 360 So.2d 842 (La.1978).
We have repeatedly stated that, even without a formal contemporaneous objection, where the trial court has imposed a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. Art. 894.1 and the basis for the sentence does not appear from the record itself, the sentence must be set aside. State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also, State v. Gist, 369 So.2d 1339 (La.1979); State v. Gibson, 362 So.2d 769 (La.1978).
Accordingly, we affirm defendant's conviction but vacate the sentence imposed and remand the case for re-sentencing in accordance with the law.