404 So.2d 921 (1981)
STATE of Louisiana
v.
Johnny TELSEE, Jr.
No. 81-KA-0238.
Supreme Court of Louisiana.
September 28, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Patrick Quinlan, Howat A. Peters, Jr., Asst. Attys. Gen., for plaintiff-appellee.
N. Graves Thoms, Shreveport, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Johnny Telsee, Jr., pled guilty to forcible rape. LSA-R.S. 14:42.1. He *922 received a sentence of forty years hard labor, "at least half" without probation, parole or suspension of sentence.[1] The sentence was vacated and the case remanded for a presentence hearing and resentencing.[2]State v. Telsee, 388 So.2d 747 (La.,1980). The trial court resentenced defendant to forty years. Defendant assigns as error the failure of the trial court to particularize the reasons for the sentence and excessiveness of the term.
The twenty-six year old victim was driving home from work when the seventeen year old defendant drove up behind her flicking his lights from dim to bright. She pulled onto the shoulder of the road. Telsee approached her vehicle, stating that he was a "private cop". As she opened her door to examine his identification, he jumped in the car. Her resistance was overcome by force and the threat of death. She received numerous bruises and scratches on her neck and face and a cut on her leg. She was driven to a remote area of Caddo Parish, raped, and released. Defendant said he would kill her if she told anyone about the rape. Telsee took all of the victim's money and a gold watch. According to his later testimony, he had smoked a marijuana cigarette laced with PCP, or "Angel Dust", shortly before the rape. He had been using PCP for approximately six weeks.
Telsee was originally charged with aggravated rape. He pled not guilty. After a sanity commission's report, the trial court ruled that defendant lacked the mental capacity to assist in his defense and ordered him committed for examination and treatment. After a report by a second sanity commission composed of the same doctors, defendant was found capable of standing trial. Telsee then withdrew his former plea of not guilty and pled guilty to forcible rape.
LSA-C.Cr.P. art. 894.1[3] requires the trial judge to articulate the reasons for *923 imposing sentence. The considerations taken into account and the factual basis for the sentence must be stated. LSA-C.Cr.P. art. 894.1 subsection C; State v. Meredith, 400 So.2d 580 (La.,1981); State v. Brown, 395 So.2d 1301 (La.,1981). While the trial court need not articulate every aggravating and mitigating circumstance, the guidelines of LSA-C.Cr.P. art. 894.1 must be adequately considered and the sentence related to the particular defendant. State v. Jacobs, 383 So.2d 342 (La.,1980); State v. Vaughan, 377 So.2d 87 (La.,1979).
The criteria of art. 894.1 may justify a harsh sentence or a lesser sentence.
"[T]hese criteria provide guidance as to whether the sentence should be closer to the maximum rather than to the minimum statutory range of sentence, if the sentencing judge does determine that imprisonment rather than suspension of sentence or probation is the appropriate disposition." State v. Sepulvado, 367 So.2d 762 at 767, 768 (La.,1979).
In oral reasons for sentencing, the trial court stated: "No matter what sentence you receive, it will not be equal to the loss [the victim] has already sustained. There is no way to repair it." (Tr. 176) Other than this implied reference to that portion of the statute [subsection A(3)] which instructs the judge to impose a sentence of imprisonment if a lesser sentence will deprecate the seriousness of the crime, no other mention is made of the factors of art. 894.1, subsection A.
Subsection B of the statute requires the sentencing court to consider any mitigating factors. State v. Franks, 373 So.2d 1307 (La.,1979). It appears that the trial court here ignored certain mitigating factors which should have been accorded some weight. The trial court's opinion only briefly and indirectly alludes to these mitigating factors, stating that:
"We most emphatically do not agree, however, that because a defendant had a serious drug problem at the time he committed the rape, or that he was only seventeen years of age is sufficient justification to reduce or minimize the sentence." (Tr. 179)
Thus, the mitigating factors were either discounted or ignored. They should have been considered in determining the period of imprisonment.
At the presentencing hearing, there was evidence of several statutory mitigating factors. The trial court should have articulated its weighing of the following considerations:
a. Whether the defendant seriously harmed the victim. LSA-C.Cr.P. art. 894.1 B(1) and (2).
b. Whether there were substantial grounds tending to excuse the defendant's conduct, though failing to establish a defense. LSA-C.Cr.P. art. 894.1 B.
c. Whether the defendant led a law abiding life for a substantial period of time before commission of the crime. LSA-C.Cr.P. art. 894.1 B(7).
d. Whether the character and attitudes of the defendant indicate that he is unlikely to commit another crime. LSA-C. Cr.P. art. 894.1 B(9).
The legislature enacted LSA-C.Cr.P. art. 894.1 to insure that each crime and each criminal are considered individually before sentence is imposed. The guidelines of the statute assist a trial court in adapting a sentence to the offender and the offense. State v. Douglas, 389 So.2d 1263 (La.,1980); State v. Smith, 369 So.2d 136 (La.,1979); and State v. Jackson, 360 So.2d 842 (La.,1978). The trial court must articulate its reasons for imposing a particular sentence to allow this court an adequate review.
The trial court may have been mindful of the factors mentioned in LSA-C.Cr.P. art. 894.1, but this does not appear on the record. Since there was inadequate compliance with the statute by the trial court, the case must be remanded again for resentencing. State v. Cox, 369 So.2d 118 (La.,1979). The question of excessiveness of the sentence is pretermitted.
Defendant's sentence is vacated and the case remanded to the trial court for resentencing.
*924 SENTENCE REVERSED; CASE REMANDED.
LEMMON, J., dissents and assigns reasons.
GUIDRY, J. ad hoc, dissents and assigns reasons.
KLEES, J. ad hoc, dissents for the reasons assigned by GUIDRY, J. ad hoc.
LEMMON, Justice, dissenting.
A three-hour sentencing hearing was held on remand, and the record is now complete. If the record supports the sentence imposed, a remand for compliance with C.Cr.P. Art. 894.1 is unnecessary. State v. Day, 391 So.2d 1147 (La.1980). Rather than remand, we should decide the issue squarely before us of whether the trial judge abused his sentencing discretion based on that record and on the reasons the judge stated in pronouncing sentence.
On the record evidence, viewed in the light most favorable to the prosecution, this criminal used deception and force to abduct and rape a totally innocent person driving on the streets. There was absolutely no provocation. He choked and bruised her, threatening to kill her at least twice. He also robbed her in the course of the incident.
Based on his admitted conduct defendant could reasonably have been charged with aggravated rape, kidnapping and robbery, but he was allowed to plead guilty to forcible rape. Although he received the maximum sentence for that offense, he could have fared much worse.
There were several mitigating circumstances. The 17-year old, voluntarily high on drugs, had only two prior offenses as a juvenile, neither of which involved violence. Although the present crime involved considerable violence, there were no dangerous weapons used. Further, defendant had a good work record for his age and a satisfactory school record.
All of these mitigating circumstances were before the trial judge, who rejected them in view of the seriousness of the totality of criminal conduct involved in this incident. Most significantly, the trial judge did not consider any inappropriate factors.[1] When all pertinent factors are considered, I cannot say that the trial judge abused the vast discretion accorded him in performing his sentencing function or that the penalty is grossly disproportionate to the criminal conduct. I would affirm the sentence.
GUIDRY, Justice ad hoc, dissenting.
I dissent from the majority's decision to again remand this case to the trial court for resentencing.
Following initial remand of this matter, i. e., State v. Telsee, 388 So.2d 747 (La.1980), the trial court held a presentence hearing and imposed the same sentence as initially imposed. The evidence adduced at this presentence hearing is set forth in the record. This court should review the record, without further remand, and determine the defendant's contention of sentence excessiveness on its merits. This was the procedure followed in State v. Sepulvado, 367 So.2d 762 (La.1979). Accordingly, I respectfully dissent.
NOTES
[*] Judges Edmond L. Guidry and G. William Swift of the Court of Appeal, Third Circuit, and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] The maximum sentence for the crime of forcible rape is forty years at hard labor without benefit of probation, parole or suspension of sentence. LSA-R.S. 14:42.1.
[2] Defendant had complained that he was assured of a lesser sentence if he did not request a presentence hearing.
[3] LSA-C.Cr.P. art. 894.1 provides as follows:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
"(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
"(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
"(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
"B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation;
"(1) The defendant's criminal conduct neither caused nor threatened serious harm;
"(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
"(3) The defendant acted under strong provocation;
"(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
"(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
"(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
"(7) The defendant has not history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
"(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
"(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
"(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
"(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
"C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
[1] For example, the apparently severe sentence in State v. Williams, 397 So.2d 1287 (La.1981) was set aside because the trial judge accorded considerable weight to a juvenile adjudication (presided over by the same judge) which was reversed for insufficiency of evidence. And in State v. Forshee, 395 So.2d 742 (La.1981) the trial judge in sentencing announced conclusions which had no factual support, and we set aside the disproportionate sentence and remanded for reconsideration of the conclusions and for resentencing.