EDWARDS, Judge.
Defendant, Verlin Reynolds, was charged with negligent injuring under LSA-R.S. 14:39, following his involvement in a traffic accident. After a bench trial, defendant was found guilty as charged. Defendant’s motion for a new trial, which alleged that the verdict was contrary to law and evidence, was denied by the trial court. Defendant was sentenced to serve six months in the parish prison and to pay all costs of the prosecution. The prison portion of the sentence was suspended and defendant was placed on supervised probation for two years with the special conditions that he make restitution for all damages suffered in the incident and that he submit himself for evaluation and treatment at a substance abuse center.
Defendant applied to this court for writs, alleging six assignments of error. A writ of certiorari was issued to review the conviction and sentence. After review of the record, we affirm defendant’s conviction, but vacate his sentence and remand for resentencing.
FACTS
On the night of January 22, 1982, at approximately 10:30 p.m., Reynolds was driving his Ford Bronco west on Old Hammond Highway in East Baton Rouge Parish. Old Hammond Highway is an undivided, two-lane highway. At the intersection of Old Hammond Highway and O’Neal Lane, Reynolds attempted a left-hand turn. Reynolds made his turn directly into the path of an eastbound vehicle driven by Gary Nugent. The right front portion of *1277 Reynolds’ truck collided with the left front of Nugent’s automobile. Reynolds’ vehicle was spun counterclockwise and landed in a ditch on the north side of Old Hammond Highway. Nugent’s vehicle continued east approximately 45 feet and landed in a ditch on the south side of Old Hammond Highway. Reynolds, Nugent and the two passengers in Nugent’s automobile were injured.
Louisiana State Police Trooper Larry Carpenter investigated the accident. He observed skid marks in the eastbound lane of Old Hammond Highway which he attributed to the Nugent vehicle. Carpenter also observed dirt and debris at a spot in Nu-gent’s lane which he denoted as the point of collision. When Carpenter spoke with Reynolds at the accident scene, he noticed a smell of alcohol. Following treatment at the hospital, Reynolds accompanied Carpenter to the State Police station to take an intoximeter test. That test, taken approximately four hours after the accident, revealed that defendant had a blood alcohol content of 0.056 percent.
ASSIGNMENTS OF ERROR NOS. 1 AND 3
By these assignments of error, defendant argues that the verdict is contrary to the law and evidence and that the court erred in its interpretation of the evidence.
In State v. Hoffer, 420 So.2d 1090, 1092 (La.1982), the Louisiana Supreme Court set forth the standard of review applicable in this type of situation:
“Our standard of review in cases where a conviction is challenged based on insufficiency of the evidence is mandated by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There the United States Supreme Court determined that, to properly balance the roles of the trier of fact and the reviewing court, the relevant question is ‘... whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt .... ’ 443 U.S. at 319, 99 S.Ct. at 2789.” (Footnote omitted.)
Negligent injuring is defined by LSA-R.S. 14:39 as “the inflicting of any injury upon the person of another by criminal negligence.” LSA-R.S. 14:12 defines “criminal negligence” as follows:
“Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.”
In State v. Jones, 298 So.2d 774, 776 (La. 1974), the Louisiana Supreme Court held:
“Under these standards it is clear that proof of ordinary negligence does not constitute proof of criminal negligence. The State is required to show more than a mere deviation from the standard of ordinary care.”
Nolan Scallan was the only occupant of the Nugent vehicle who could recall the events of the accident. According to Scal-lan, Nugent was proceeding at a lawful rate of speed within his lane of travel at the time of the accident. Scallan testified that he saw Reynolds’ vehicle at a distance and that it gradually began to veer over into Nugent’s lane. He stated that Nugent locked up his brakes and swerved to the right, but was unable to avoid the collision.
Based upon his observations, Trooper Carpenter testified that the point of collision occurred in Nugent’s lane of travel. Trooper Carpenter testified that after the accident, Reynolds smelled of alcohol, but that he was agreeable and coherent. As noted above, the results of the intoximeter test indicated that Reynolds had 0.056 percent alcohol in his blood.[1] Reynolds testified that he was on his way home from work and that he had “two or three” beers before he began driving that night. He remembered giving a left-turn signal in order to turn at O’Neal Lane. The next thing *1278 he knew, he woke up in the ditch.' Reynolds did not remember seeing the oncoming Nugent vehicle.
The negligent injuring statute has been interpreted to permit the trier of fact to draw a permissible inference of criminal negligence from a violation of a statute or ordinance if the circumstances of the violation so justified. State v. Lollar, 389 So.2d 1315 (La.1980). In the instant case, it is apparent that defendant violated the law with regard to proper execution of a left-hand turn.[2] Our review of the evidence presented convinces us that any rational trier of fact could have reasonably found that the defendant was guilty of more than a mere deviation from the ordinary standard of care in the operation of his vehicle and that this gross deviation resulted in the serious injuries sustained by the occupants of the Nugent vehicle.
These assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant argues that the trial court erred in allowing the introduction of evidence relative to defendant’s state of intoxication, specifically the results of the intoximeter test. Defendant contends that the requirements set forth for the introduction of such test results in State v. Gregory, 403 So.2d 1225 (La.1981), were not met.
Defense counsel correctly notes that an objection was made to the admission into evidence of the results of the intoximeter test. What he fails to point out, however, is that defense counsel (Mr. Riley) withdrew this objection in the following exchange:
“MR. RILEY: Your Honor, at this point I am going to object to — uh—the test results — uh—I don’t think they have shown yet that he complied with all the requirements before giving the test— uh — such as time limits for the determination of a valid test.
“MR. DIAL: Your Honor, I am not offering the test at this point to establish a presumption which would be the case if this were a trial for DWI. I am merely trying to establish that the test was given properly. Now, I don’t think asking him all the rules and regulations — uh—like you normally would to establish the presumption. All I want to do is to have the results before the court as other evidence — uh—nothing more.
“THE COURT: Mr. Riley, any further argument?
“MR. RILEY: I have no objection.
“THE COURT: So ordered.
“MR. DIAL: I am going to offer that as State thirteen.”
An objection not contemporaneously raised in the lower court cannot be raised on appeal. State v. Lane, 414 So.2d 1223 (La.1982); State v. Baylis, 388 So.2d 713 (La.1980); LSA-C.Cr.P. 841.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 5
Defendant contends that this case should be dismissed because trial of this matter constituted double jeopardy.
Defendant was originally cited by Trooper Carpenter for improper left turn. Defendant alleges that this charge was dismissed by the District Attorney’s office when defendant appeared in court on the date set for trial and that the current charge was then filed. Defendant relies upon the provisions of LSA-C.Cr.P. art. 576.[3] Although defense counsel refers to *1279 “double jeopardy, he actually argues that the State was prohibited from instituting a more serious charge than that which was dismissed.
Initially, we note that the occurrences which defendant alleges are not documented in the record before us. Additionally, defendant has not followed the provisions of LSA-C.Cr.P. art. 593 with regard to the proper method for raising the plea of double jeopardy. However, assuming, arguen-do, that defendant’s claim was properly before this court, it would still be rejected.
LSA-C.Cr.P. 576 is not concerned with double jeopardy. Rather, it is directed toward extending the time limits for filing a new prosecution when an earlier prosecution, based upon the same facts, is dismissed. The offense with which defendant was charged occurred on January 22, 1982. The bill of information which charged the crime of negligent injuring was filed on April 14, 1982, well within the time limitations imposed by LSA-C.Cr.P. art. 572.
LSA-C.Cr.P. art. 592 provides as follows:
“When a defendant pleads not guilty, jeopardy begins when the first witness is sworn at the trial on the merits. When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed.”
Defendant alleges that the first prosecution was dismissed on the day of his first court appearance. Under LSA-C. Cr.P. art. 592, jeopardy begins when the first witness is sworn in at the trial on the merits. The first prosecution never reached that stage and, therefore, no double jeopardy problem ever arose.[4]
This assignment of error is totally devoid of merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 6
By these assignments of error, defendant challenges his sentence and the terms of his probation. He contends that the sentence imposed was excessive and that LSA-C. Cr.P. art. 894, which allows the court to fix terms of probation, is unconstitutionally void and vague. Because of our conclusion that defendant’s sentence must be vacated, the full extent of these assignments of error will not be considered.
The trial court imposed the statutory maximum of six months in jail and sentenced defendant to pay the costs of prosecution. The jail portion of the sentence was suspended and defendant was placed on two years’ supervised probation. Additionally, as conditions of probation, the court ordered “that restitution be made for all the damages which were suffered in this incident,” and that defendant submit to evaluation and treatment at a substance abuse clinic.
LSA-C.Cr.P. art. 894.1 requires the trial judge to articulate the reasons for imposing sentence. • Such reasons are an essential aid to an appellate court when reviewing a sentence for excessiveness and abuse of discretion. State v. Dokes, 398 So.2d 1025 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979). The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for the imposition of sentence, particularizing the sentence to the offender and the offense. State v. Dokes, supra; State v. Jackson, 360 So.2d 842 (La. 1978). The trial court need not articulate every aggravating and mitigating circumstance. However, the guidelines of LSA-C. Cr.P. art. 894.1 must be adequately considered. State v. Telsee, 404 So.2d 921 (La. 1981); State v. Jacobs, 383 So.2d 342 (La. 1980); State v. Vaughan, 377 So.2d 87 (La. 1979).
In the instant case, the transcript at sentencing reveals that the trial judge did not even attempt minimal compliance with LSA-C.Cr.P. art. 894.1. Not a single factor listed in article 894.1 was mentioned by the trial court, and no factual considerations *1280 were mentioned.[5] We therefore conclude that defendant’s sentence should be vacated and the case remanded for resentencing in compliance with article 894.1 of the Code of Criminal Procedure.[6]
DECREE
For the foregoing reasons, defendant’s conviction is affirmed and his sentence is vacated. This case is remanded to the trial court with instructions to comply with the mandates of Louisiana Code of Criminal Procedure article 894.1 before imposing sentence.
WATKINS, J., concurs and assigns reasons.
SHORTESS, J., concurs and will assign reasons.

. Defendant contends that the results of the intoximeter test were improperly admitted. However, there is no error in the admission of the test results. See the discussion under assignment of error no. 2.

. LSA-R.S. 32:122 provides:
“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.”

. LSA-C.Cr.P. art. 576 provides, in pertinent part, as follows:
“When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.”

. We also note that it has been consistently held that a person may commit distinct crimes simultaneously or in immediate connection or in the same criminal episode and can be indicted, prosecuted and convicted for each offense without violating the principle of double jeopardy. See State v. Nichols, 337 So.2d 1074 *1280 (La.1976); State v. Leslie, 167 La. 967, 120 So. 614 (La.1929).

. Although it is true that the jail portion of defendant’s sentence was suspended, he was given the maximum jail term and placed on supervised probation for the maximum period allowed by LSA-C.Cr.P. art. 894. In the event that his probation is revoked, defendant will have to serve that sentence. Additionally, as a condition of probation, defendant was ordered to make restitution for damages. Although the trial court did not fix a dollar amount for restitution, the presentence report estimates that medical bills for the three occupants of the other vehicle will exceed $30,000.00. Defendant is entitled to have the various components of his sentence reviewed for excessiveness. Reasons for sentencing, in compliance with article 894.1, are essential to that review.

. On remand, the trial court’s attention is directed to LSA-C.Cr.P. art. 895.1. That article provides that payment of restitution may be made a condition of probation. However, the article specifies that the court may order the payment of “an amount of money.” The article clearly envisions that an actual dollar amount be fixed by the court itself.