CALOGERO, Justice.
Defendant Roy Dale Cox, after pleading guilty to simple burglary in violation of La.R.S. 14:62, was sentenced to three years at hard labor.[1] This Court affirmed the conviction, vacated the sentence as apparently excessive and remanded for resen-tencing in compliance with La.C.Cr.P. art. 894.1. State v. Cox, 413 So.2d 514 reh’g granted (No. 81-KA-2231) (La.1982). In accordance with this Court’s order, the trial judge conducted proceedings on the resentencing. At that time the trial judge resentenced defendant, this time to eighteen months at hard labor with credit for all time previously served in connection with the offense.
In defendant’s sole assignment of error he contends that the trial judge erred in imposing an excessive sentence and in failing to state for the record a factual basis for the sentence imposed, as required by La.C.Cr.P. art. 894.1. Because we find the assignment lacks merit, we affirm defendant’s sentence.
La.C.Cr.P. art. 894.1 sets forth three factors which justify a sentence of incarceration, and eleven factors which, although not excusing the defendant’s conduct, tend to lessen his culpability. State v. Dokes, 398 So.2d 1025, 1026 (La.1981).[2] The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for the imposition of sentence, particularizing the sentence to the offender and to the offense. State v. Sepulvado, 359 So.2d 137 (La.1978); State v. Jackson, 360 So.2d 842 (La.1978).
The record indicates that in resentencing defendant to eighteen months at hard labor the trial judge considered the mitigating circumstances as well as those which *725 weighed in favor of defendant’s incarceration. The trial judge concluded that although defendant had no prior record of criminal activity there were certain background factors which indicated that defendant might be likely to commit another crime if he were to receive a suspended sentence. The trial judge also considered defendant’s background and the presen-tence investigation report in determining that defendant is in need of correctional treatment or a custodial environment provided most effectively by his commitment to an institution. La.C.Cr.P. art. 894.1(A) (D,(2).
After reviewing the record, we find that the trial judge did sufficiently articulate reasons for imposing the eighteen month sentence. Further, considering the wide discretion afforded the trial judge in the imposition of a sentence within the statutory limits, and the absence of a manifest abuse of his discretion, we do not find as a matter of law that the sentence is constitutionally excessive. State v. Spencer, 374 So.2d 1195 (La.1979).

Decree

For the reasons assigned defendant’s sentence is affirmed.
SENTENCE AFFIRMED.
DIXON, C.J., dissents with reasons.
LEMMON, J., concurs and will assign reasons.

. La.R.S. 14:62 provides for a maximum sentence of twelve years imprisonment with or without hard labor.

. La.C.Cr.P. art. 894.1 provides:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C.The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.