446 So.2d 565 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Darnell WILLIAMS, Defendant-Appellant.
No. CR83-851.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*566 D. Kent Savoie, Sulphur, for defendant-appellant.
Leonard Knapp, Jr., and Robert R. Bryant, Lake Charles, for plaintiff-appellee.
Before CUTRER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The defendant, Darnell Williams, was charged by bill of information with armed robbery alleging that he, along with James Parker, Robert Parker, and David Young robbed Thomas Hartley, Bernard Bekherus, Ouida Gardinier, and Debra Odum while armed with a dangerous weapon, a violation of LSA-R.S. 14:64. Darnell Williams withdrew his plea of not guilty and entered a plea of guilty to the charge of armed robbery. On August 8, 1983 the trial judge sentenced the defendant to serve 25 years at hard labor in the custody of the Louisiana Department of Corrections, *567 without the benefit of probation, parole or suspension of sentence.
The defendant has appealed contending that the trial court erred in imposing an excessive sentence in violation of Article 1, § 20 of the Louisiana Constitution.

FACTS
All four defendants gave confessions which were not completely consistent. Therefore, we are reporting the facts of the case which are the most consistent in the confessions and correlate with the victims' testimony at a preliminary examination.
On the evening of December 12, 1982, the defendant, Robert Parker, James Parker, and David Young were together drinking and talking about "shooting up some dope". Not having money to buy dope, they came up with a plan to rob an elderly woman who lived alone at the end of Brammer Street. Her house was not in close proximity to the other houses situated on the dead end street.
The four defendants, using Robert Parker's car, drove to David Young's home where they procured a double-barreled .12 gauge shotgun and a .22 caliber rifle. They drove to the dead end of Brammer Street with the intent to break in and rob Julia Brammer, a sick and elderly woman. When they arrived, the defendants observed a van carrying several people parked at Mrs. Brammer's residence and decided to rob the occupants of the van.
They approached the van on foot. Darnell Williams and David Young were armed with the two weapons. The victims, four adults and seven children, were out Christmas carolling. The defendants made the victims exit the van, turn over their cash and valuables, and then forced them to lay face down on the ground. During the commission of the offense, one of the victims, Bernard Bekherus, was struck in the head with the butt of a weapon. Additionally, several of the victims, including the children, were physically abused and threats were made that they would be killed.

EXCESSIVENESS OF SENTENCE
The defendant complains that he received an excessive sentence in violation of Louisiana Constitutional Article 1, § 20. The imposition of a sentence even within the statutory limitations is subject to appellate review for excessiveness or an abuse of the trial court's discretion. Louisiana Constitution, Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). Compliance with C.Cr.P. Art. 894.1 is an important aid to the appellate courts in reviewing a sentence for excessiveness. Sepulvado, supra; State v. Forshee, 395 So.2d 742 (La. 1981). Although the trial court does not have to articulate every aggravating and mitigating factor outlined in LSA-C.Cr.P. Art. 894.1, the record must establish that he gave adequate consideration of these guidelines in particularizing defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Ray, 423 So.2d 1116 (La.1982). The sentencing court is given wide discretion in the imposition of sentences within statutory limits and the sentence should not be set aside as excessive absent manifest abuse of the sentencing court's discretion. For a sentence to be excessive, the penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice, or nothing more than the purposeless and needless imposition of pain and suffering. State v. Smith, supra; State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant argues that the sentencing court did not give adequate consideration to the mitigating circumstances set forth in LSA-C.Cr.P. Art. 894.1. He rests his contention on his youth (19 years of age), his lack of prior felony convictions, the absence of a showing that he is a dangerous offender, that he did not point a gun at any of the victims, that no acts of violence can be attributed to him, and that he did not mastermind the offense.
During the sentencing hearing, the sentencing court gave counsel for the defendant the opportunity to correct any inconsistencies *568 in the presentence investigation and to make any comments he deemed appropriate regarding the sentencing of defendant. He pointed out that only one of the victims received physical injury, that none of the victims was able to identify which of the defendants perpetrated any of the physical abuse, and that the defendant was under the influence of drugs and alcohol and not completely in control of his faculties. The presentence investigation report revealed that: defendant was nineteen years of age; he had two prior misdemeanor convictions, and, although he had no prior felony convictions, he did have a juvenile record.
After a lengthy sentencing hearing, the sentencing court concluded that: defendant had threatened the well being of a number of children and adults; that greed was the only motivation for the armed robbery; the defendant took an active role in obtaining the weapons used in the robbery; and that a lesser sentence would deprecate the seriousness of this particular offense. Referring to the mitigating circumstances, the sentencing court also stated: that the defendant had no prior felony convictions and had a relatively crime-free youth; that some hardship would be imposed upon his parents; that the sentencing court had received numerous letters recommending leniency; and that he was of a young age. The court also noted for the record that it did not consider the defendant as using a weapon to threaten the victims or physically abusing any of the individuals.
It is not necessary for the sentencing court to enumerate every factor in LSA-C.Cr.P. Art. 894.1 as long as the guidelines are considered. State v. Smith, supra; State v. Bradley, 414 So.2d 724 (La.1982). The sentencing court considered all the mitigating factors. When Art. 894.1 has been complied with, a sentence should not be set aside as excessive in the absence of an abuse of the court's wide sentencing discretion. State v. Dunns, 441 So.2d 745 (La.1983); State v. Cox, 441 So.2d 723 (La. 1983); State v. Spencer, 374 So.2d 1195 (La.1979). We find the imposition of a twenty-five year sentence in this case not to be excessive. The maximum sentence the defendant could have received was 99 years. R.S. 14:64. The sentence he received was approximately one-fourth of the maximum sentence. His sentence is in the lower range when compared to the maximum sentence he could have received. The crime the defendant committed was heinous and violent. To commit armed robbery of Christmas carollers consisting of four adults and seven children, striking and abusing them in furtherance of the robbery, ranks among the most heartless of criminal acts.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Darnell Williams, are affirmed.
AFFIRMED.