YELVERTON, Judge.
On August 8, 1984, members of the Con-cordia Parish Sheriffs Department executed a search warrant for the search of a residence occupied by appellant, her mother, and others. Pursuant to this search, a quantity of narcotics, including numerous individual packets of marijuana, and drug paraphernalia, were seized. Reba Janelle Wilkinson, appellant, and her mother were charged with possession of marijuana with intent to distribute, a violation of R.S. 40:966 A(l). The charges against appellant’s mother were subsequently dropped in a plea bargain agreement in which appellant pled guilty as charged.
Reba Janelle Wilkinson pleaded guilty to possession of marijuana with intent to distribute, and she was sentenced to serve three years at hard labor in the custody of the Louisiana Department of Corrections and to pay a fine of $500. She appeals this sentence as excessive.
The sentencing judge carefully complied with the sentencing guidelines of C.Cr.P. art. 894.1, and we have the benefit of his reasons for sentencing, together with the presentence investigation report which he took into account.
The judge indicated that he was aware of the defendant’s relative youth, 24, and her lack of a felony record. She had only one misdemeanor conviction, a DWI in 1983. She was the single parent of a one and a half year old child. He related these mitigating factors along with others, including his belief that there was not an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime, as well as his belief that she was not in need of correctional treatment or a custodial environment. He said that her character and present attitude indicated that it would be unlikely that she would commit another crime.
On the other hand, because her crime was a serious offense and because its nature “is a problem and has to be dealt with”, the sentencing court believed that a lesser sentence would deprecate the seriousness of the crime, and therefore imposed a three year sentence and a $500 fine. He believed that imprisonment would not entail an excessive hardship on the defendant’s dependent child, since other members of the family could look after the child.
The maximum punishment for possession of marijuana with intent to distribute is imprisonment at hard labor for not more than 10 years and payment of a fine of not more than $15,000. R.S. 40:966 B(2).
The offense was committed on August 8, 1984, and the presentence investigation report was dated July 2, 1985. The report indicated that a large quantity of narcotics and other suspected paraphernalia were found in the defendant's home. The defendant apparently was conducting a business operation selling marijuana out of her home in order to support her family. She was not employed.
The provisions of C.Cr.P. art. 894.1 provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Bing, 410 So.2d 227 (La.1982). The purpose of C.Cr.P. art. 894.1 is to provide the trial judge with guidelines so that he may individualize the sentence to fit the particular defendant, considering his background and the offense he committed. State v. Tilley, 400 So.2d 1363 (La.1981).
In the present case it is clear from the record and the judge’s reasons for sentencing that defendant’s crime was of a serious nature. This was not a case involving only a small quantity of marijuana, but defendant was guilty of possessing a'large quantity of marijuana with intent to sell it in her on-going business operation. We believe the mitigating factors in defendant’s favor influenced the judge in sentencing the defendant to a three year term, instead of a greater sentence. The trial court carefully weighed the mitigating factors in the balance with the seriousness of the offense. Therefore, we find that the *247 trial judge properly individualized the sentence to the defendant and as a result the sentence imposed is not excessive.
For these reasons the sentence is affirmed.
AFFIRMED.