DOMENGEAUX, Judge.
Defendant, Richard D. Lutes, was charged by bill of information with possession and intent to distribute a controlled dangerous substance, marijuana, a violation of La.R.S. 40:967. On April 29, 1980, Lutes pleaded guilty to these charges and on September 30, 1983, was sentenced to ten years at hard labor. On January 20, 1984, the trial court reduced the sentence to eight years at hard labor. Defendant now appeals his sentence on the basis of two assignments of error..
MOTION TO TEMPORARILY REMAND
Defendant filed a motion to temporarily remand the case to the district court after the lodging of this appeal for the purpose of trying a motion for return of property. Defendant’s reasons in support of temporary remand are scant and are stated in his motion to this Court as follows:
“There is presently pending before 15th Judicial District Court defendant-appellant’s Motion for Return of Property. Defendant requests the temporary remand of this matter to the District Court for the purpose of concluding said litigation in order to re-invest jurisdiction in the District Court for said determination and to avoid piecemeal appeal.”
With only the above-provided information, we fail to find any connection with the motion and the issues concerning the defendant’s sentence raised on this appeal. We see no reason why we should upset this appeal and remand to the district court to dispose of a non-related matter such as defendant’s motion for return of property. The defendant’s motion is therefore denied.
FACTS
On December 20, 1979, the defendant, Richard D. Lutes, and his wife, Irm-gard B. Lutes, were arrested and charged with possession of marijuana with intent to distribute, a violation of La.R.S. 40:967. On February 6, 1980, both Mr. and Mrs. Lutes pleaded not guilty to these charges. On April 20, 1980, the defendant changed his plea to guilty as charged and the charges against Mrs. Lutes were dismissed. The record reflects that before the trial court accepted the guilty plea from the defendant, the judge informed *1329 him of the maximum penalty he could receive which was ten years at hard labor and a $15,000.00 fine. The record affirmatively shows that the defendant was otherwise properly advised of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 474 (1969). The defendant was released on bond and a pre-sentence investigation was ordered.
On September 30, 1983, the defendant was sentenced to ten years at hard labor. On this date the record contains no reasons for sentencing. A resentencing hearing was held on January 20, 1984, and the trial court reduced the sentence to eight years at hard labor. At this hearing the State conceded that prior to sentencing, the defendant had aided in the prosecution of a certain Lafayette area drug dealer. The record also shows that the defendant had then-pending criminal charges of conspiracy to commit murder in Mississippi State Court. Additionally, the trial judge noted on the record that the defendant had been robbed of $15,000.00 cash in his home while awaiting sentencing.
ASSIGNMENTS OF ERROR
The defendant presents two assignments of error which were consolidated in defendant’s brief as one. First, he contends that the trial court erred in failing to sentence defendant in accordance with the guidelines listed in La.C.Cr.P. Art. 894.1. Secondly, defendant contends that the trial court erred by imposing an unconstitutionally excessive sentence in violation of La. Const. Art. 1 § 20.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant contends that the trial court erred in failing to comply with the sentencing requirements of La.C.Cr.P. Art. 894.1. Defendant asserts that the trial court failed to consider certain mitigating factors listed in article 894.1 and relevant standards articulated in State v. Jackson, 360 So.2d 842 (La.1978). Specifically, defendant argues that the trial court failed to consider the defendant’s lack of prior convictions or arrests, the non-violence or “victimless” nature of the offense, the defendant’s personal history including the fact that he is 35 years old, married, and the father of two boys aged 16 and 18, his self-employment status, the character and attitude of the defendant regarding his likelihood to commit another crime, whether the defendant would respond affirmatively to probationary treatment, or the possibility of excessive hardship upon the defendant or his dependents upon his imprisonment.
La.C.Cr.P. Art. 894.1 lists guidelines a trial court shall use in determining whether a defendant convicted of a felony or misdemeanor should be sentenced with imprisonment, probation or a suspended sentence. Paragraphs (A) and (B) of article 894.1 list the factors that the trial court may use in determining what is the most appropriate sentence. Article 894.1(C) requires the trial court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
In order to comply with the requirements of La.C.Cr.P. Art. 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article; however, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Sims, 410 So.2d 1082 (La.1982); State v. King, 471 So.2d 1181 (La.App. 3rd Cir.1985). The requirements of article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory sentencing guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). Even if the trial judge does not adequately consider the guidelines of article 894.1, where the sentence imposed is not apparently severe and the record clearly illumines and supports the sentencing choice, it will not be required to remand for *1330 resentencing. King, supra; State v. Jett, 419 So.2d 844 (La.1982).
The trial court conducted a pre-sentence investigation and considered it before initially sentencing the defendant to the ten year penalty. The record shows that the defendant was arrested for possession of 97 pounds of marijuana. The contraband was found packaged in individual one-pound packages. The arrest of defendant and the seizure of the drugs were conducted pursuant to police surveillance in which a confidential informant purchased marijuana from the defendant in his home. The search and seizure was conducted through a search warrant. Besides the marijuana, large amounts of cash and checks were seized totalling over $20,000.00. Although the defendant had never been convicted before, he had been arrested in June, 1979 for distribution of cocaine. The charges were dropped when Mr. Lutes agreed to cooperate with federal law enforcement officials.
The trial judge failed to state any of the guidelines articulated in article 894.1 in resentencing the defendant. Defendant’s claim that the trial court failed to follow the statutory guidelines may arguably be meritorious except for the jurisprudentially created standard as announced in King, supra, and Jett, supra: the noncompliance with article 894.1 does not necessitate the invalidation of the sentence or warrant a remand for resentencing if the sentence imposed is not apparently severe and the record clearly illumines the sentencing choice. The facts as revealed by the pre-sentence investigation report show the magnitude of the criminal activity engaged in by the defendant. The reduced sentence to eight years at hard labor is within the statutory guidelines. The record reflects the seriousness of the offense. We find that the record in this case clearly illumines and supports the trial judge’s sentencing choice; therefore, this case will not be remanded because the trial judge failed to follow the statutory guidelines of article 894.1.
Defendant’s first assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant argues the trial court imposed an excessive sentence in violation of La. Const. Art. 1 § 20.
The Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), established the precedent that a sentence imposed, although within the statutory limits, may still violate the defendant’s constitutional right against excessive punishment, and that the alleged excessiveness of the sentence is reviewable by the appellate courts.[1] The trial judge is given wide discretion in imposing sentences within the statutory limits and they should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984).
The statutory guidelines of La.C. Cr.P. Art. 894.1 furnish criteria by which the reviewing court can measure whether a sentence is excessive. Sepulvado, supra; State v. Cox, 369 So.2d 118 (La.1979). To constitute an excessive sentence the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to society as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980). Harsh sentences should be *1331 preserved for the more egregious defendants.
In this instance, there are several mitigating factors that warrant review in determining whether the sentence is indeed excessive. Several considerations listed in the guidelines of article 894.1 are relevant, including the fact that the conduct of defendant’s victims facilitated the commission of the crime by their purchasing drugs from defendant. The defendant has no prior criminal convictions and was presently self-employed. He was also the father of two adolescent boys who would endure hardship upon the imprisonment of the defendant. Additionally, defendant was given a sentence of eight years which was within the upper range of the maximum sentence.
However, there are serious aggravating circumstances which indicate the sentence is not excessive. The defendant admitted that he was guilty of possessing with intent to distribute 97 pounds of marijuana. The large amounts of marijuana and cash seized by police indicate the criminal activity was of a serious and substantial nature. Additionally, several statements by defendant to police investigators indicated that defendant did not contemplate that his conduct would cause serious harm and that he was likely to commit another crime. Those statements include the following: the defendant presently smokes marijuana when he becomes “uptight”, he feels marijuana is not as dangerous as alcohol, and he has given his children the opportunity tp smoke marijuana because he does not want them to think there is anything wrong with it. Defendant’s attitude and character indicated that he was unlikely to respond affirmatively to probationary treatment and that he was likely to commit another crime.
In light of the above, we cannot say that the trial judge abused his discretion in sentencing the defendant.
The defendant's second assignment of error is without merit.
Accordingly, the sentence of the defendant is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 523; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinipn at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.