525 So.2d 314 (1988)
STATE of Louisiana
v.
Mark Q. COCKERHAM.
No. 87 KA 1385.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Bryan Bush, Dist. Atty. by Brenda Creswell, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Mary Heck, Baton Rouge, for defendant/appellant.
Before WATKINS, CARTER and FOIL, JJ.
*315 CARTER, Judge.
Mark Q. Cockerham was charged by bill of information with molestation of a juvenile, a violation of LSA-R.S. 14:81.2. Defendant initially pleaded not guilty, but later withdrew that plea and entered a plea of guilty pursuant to a plea bargain. The transcript of the Boykin hearing reveals a factual basis for the guilty plea. The plea was entered subject to the condition that defendant not be sentenced as an habitual offender. Defendant was sentenced to serve five years at hard labor; such sentence to run consecutively to any other sentence served for a prior conviction.[1] Defendant appeals and raises two assignments of error:
1. The trial court erred in sentencing defendant to five years at hard labor; and
2. Defendant was denied effective assistance of counsel.

FACTS
On July 29, 1986, defendant was left in supervision of his eleven-year-old stepdaughter. While alone with the child, defendant undressed her and then disrobed himself. He placed the child on the bed and reclined next to her so that he was able to touch her genitalia and simultaneously masturbate to the point of ejaculation. Thereafter, the child's mother (defendant's ex-wife) filed charges against her husband. Defendant was subsequently arrested.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant urges trial court error in imposing an excessive sentence. Defendant's contention is meritless.
LSA-C.Cr.P. art. 894.1 provides a checklist of aggravating and mitigating factors to be considered by the trial judge in particularizing the sentence to the defendant for the offense committed. Important elements to be considered are the personal history of the defendant, the prior criminal record or absence thereof, the seriousness of the particular offense, and the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), amended and rendered on appeal after remand, 508 So.2d 915 (La.App. 4th Cir. 1987). The record must reflect adequate compliance with LSA-C.Cr.P. art. 894.1. Recitation of every aggravating and mitigating circumstance considered in sentencing the offender is unnecessary. State v. Reynolds, 436 So.2d 1275 (La.App. 1st Cir. 1983).
The court herein noted for the record that defendant had no prior arrests or convictions as a juvenile, but that he had been convicted of felony theft and had received a probated sentence. The court noted defendant's need for correctional treatment and that this need would only be satisfied by incarceration. Furthermore, the court was of the opinion that, if defendant was placed on probation, a substantial risk of recidivism was present. The court stated that the instant offense was a very serious crime against a person, especially since the person was a minor, and that a lesser sentence would deprecate the seriousness of the crime. Additionally, the court implicitly considered the details contained in the pre-sentence investigation report.
Defendant's assertion that no mitigating factors were considered by the trial court, specifically that of defendant's history of mental illness, is erroneous. The trial court considered the information contained in the pre-sentence investigation report. The report reveals that defendant suffers from pedophilia. Furthermore, it indicates that defendant, over an extended period of time, committed highly repugnant acts on this stepdaughter, his five-year-old son, and another stepdaughter. The acts were clearly premeditated. The trial court was fully informed of defendant's personal background. Trial counsel stated he reviewed the pre-sentence investigation report *316 and found it to be free of errors or inaccuracies which would affect disposition of defendant's case.
Defendant cites several cases and compares the offenses and sentences in those cases to his. However, the severity of the crime alone is an insufficient basis for imposing a sentence. See State v. Knox, 425 So.2d 707 (La.1982), affirmed on appeal after remand, 446 So.2d 1211 (La.1984). The cases cited by the defendant are inapplicable. There is no showing that the other factors which influence sentencing are likewise analogous.
The five-year sentence defendant received was within the lower range of the statutory limit of fifteen years. See LSR.S. 14:81.2. We find no abuse of sentencing discretion by the trial court. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant alleges he was denied effective assistance of counsel. Specifically he claims that assistance of counsel was ineffective due to counsel's consumption of alcohol. Defendant additionally claims that counsel's failure to raise every mitigating factor at sentencing and counsel's alleged refusal to move to withdraw defendant's guilty plea stem directly from counsel's alleged inebriation.
Whether counsel's alleged inebriation caused his performance to be substandard so as to deprive the defendant of his constitutional right to reasonably effective assistance of counsel cannot be determined from the record on appeal. Defendant's allegations are such that the record herein affords no basis for review. Rather, defendant's claim is more properly raised by an application for post conviction relief filed in the district court upon which an evidentiary hearing may be held. The quality of counsel's assistance may be fully developed and explored in an evidentiary hearing. State v. Prudkolm, 446 So.2d 729 (La.1984); State v. Teeter, 504 So.2d 1036 (La.App. 1st Cir.1987).

CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFIRMED.
NOTES
[1] Defendant filed a motion for sentence revision in September of 1987; however, the motion was withdrawn on October 14, 1987. The motion is not argued on appeal and is not relevant to the instant appeal.