FORET, Judge.
Michael Galpin, appellant, was indicted by a grand jury on June 18, 1987, for possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. Appellant pleaded guilty as charged and was sentenced on June 1, 1988, to serve two years in the parish jail and fined $1,500. Appellant now seeks review of his sentence based on a single assignment of error, ex-cessiveness of sentence.
FACTS
On April 26, 1987, Michael Galpin was stopped by a state trooper on Interstate 10 for speeding. Appellant produced an Ohio driver’s license and a rental agreement on the vehicle he was operating. While verifying the vehicle identification number, the officer detected the aroma of what he suspected to be marijuana. After appellant denied a request to search the vehicle, the officer contacted the Calcasieu Parish Sheriffs Office for assistance from the Canine Unit. A police dog specially trained to identify the aroma of controlled substances was brought to the scene and indicated the presence of narcotic odors. The trunk of the vehicle was searched and over 130 pounds of marijuana were seized.
Appellant contends the sentence imposed by the trial court is excessive. He argues the sentence is grossly out of proportion to the offense because he has no prior felony record, has a stable work history and because the pre-sentence investigation report stated the arresting agency had no opposition to the imposition of a suspended sentence and probation.
La.C.Cr.P. art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the “trial court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The sentencing judge need not articulate every mitigating and aggravating circumstance; however, the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence to the offender and the offense. State v. Davis, 511 So.2d 91 (La.App. 3 Cir.1987). Important considerations include the defendant's personal history, pri- or criminal record or absence thereof, the severity of the instant offense, and the likelihood of recidivism or rehabilitation. State v. Cockerham, 525 So.2d 314 (La.App. 1 Cir.1988).
Even where the criminal defendant has no prior criminal record, the imposition of a severe penalty may be justified where large quantities of contraband are involved. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Lutes, 496 So.2d 1327 (La.App. 3 Cir.1986). A sentence is deemed excessive if: (1) it makes no measurable contribution to acceptable penal goals and therefore is nothing more than a purposeless and needless imposition of pain and suffering; or (2) it is grossly out of proportion to the severity of the crime. State v. Landry, 502 So.2d 281 (La.App. 3 Cir.1987), writ denied, *762 508 So.2d 63 (La.1987). At sentencing, the trial court noted appellant was thirty-two years of age, a first time felony offender[1], and had a positive recommendation from the arresting agency. The court also noted appellant’s cooperation, positive attitude, and stable work history. However, the court emphasized that harm was threatened by appellant’s actions which were motivated solely for financial gain. Because the desire for financial gain motivated appellant’s actions, the court reasoned the conduct was likely to recur. The court felt a limited period of incarceration would not affect excessive hardship on appellant or his family. Finally, the court repeatedly emphasized that the substantial amount of marijuana involved dictated against a probated sentence. The trial judge imposed a sentence of two years in the parish jail and a fine of $1,500, finding that any lesser penalty would deprecate the seriousness of the offense.
The articulation of reasons for sentencing by the trial judge exhibits compliance with art. 894.1 sentencing guidelines. Appellant’s sentence lies within the lower range of possible sentences. Unlike the cases cited by appellant, the instant offense involves a substantial quantity of marijuana. The quantity seized suggests criminal activity of a serious and substantial nature. The trial court carefully weighed the seriousness of the offense against factors in mitigation. The trial judge properly individualized the sentence to appellant. The instant case is somewhat analogous to other cases where more serious penalties were upheld for possession of large quantities of marijuana with an intent to distribute. See, State v. Spencer, supra; State v. Lutes, supra; State v. Wilkinson, 483 So.2d 245 (La.App. 3 Cir.1986), writ denied, 488 So.2d 198 (La.1986). The sentence imposed in the instant case is not grossly out of proportion to the severity of the offense, does not appear to impose purposeless pain and suffering upon appellant, and does not constitute an abuse of the judge’s wide discretion.
For the reasons hereinabove assigned, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Appellant has a misdemeanor conviction for driving while intoxicated.