451 So.2d 679 (1984)
STATE of Louisiana, Appellee,
v.
Bradford M. WALKER, Appellant.
Nos. 16,202-KA & 16,203-KA (consolidated).
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Davenport, Files & Kelly by Lavalle B. Salomon, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Geary Aycock, Asst. Dist. Atty., Monroe, for appellee.
Before PRICE, MARVIN, and JASPER E. JONES, JJ.
MARVIN, Judge.
Defendant appeals his conviction by a jury of DWI second offense, contending that the evidence was insufficient to prove the charge beyond a reasonable doubt and to the exclusion of other reasonable hypotheses of innocence.[1] LRS 14:98, 15:438. We affirm.
For about a mile the arresting officer pursued and then stopped the defendant who was driving 73 mph in a 55 mph zone about 8:30 p.m. on July 9, 1983. The officer noticed that defendant's automobile was weaving slightly on the paved portion of the highway. He also noticed that defendant smelled of alcohol when he got out of his automobile and he was thereafter "swaying" and "unsteady" on his feet, as the officer described it. A field sobriety test was administered and defendant had difficulty balancing himself, touching his nose, and walking heel to toe. Defendant's speech was described as "slurred" and he was abusive and uncooperative, especially when he was booked. The booking officer corroborated the arresting officer as to defendant's odor, profanity, and belligerence. Another officer who had known defendant for about 10 years, testified that defendant did not have a speech impediment.
Defendant's employer, who saw him about two hours after the initial stop and when the defendant was released on bail, testified that he had known defendant for about 10 years and that defendant did not appear intoxicated after his release on the night in question.
Defendant correctly states that the issue is whether the state has fulfilled its burden under Jackson v. Virginia, 443 U.S. 307, *680 99 S.Ct. 2781, 61 L.Ed.2d 560 and LRS 15:438. There is direct evidence that defendant's breath smelled of alcohol. There is direct evidence relating to his driving, his demeanor, and his actions after he was stopped and got out of his car. The ultimate question concerns whether these circumstances constitute legally sufficient proof that defendant was driving under the influence of alcohol to the exclusion of other reasonable hypotheses.
"When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. An evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt. As we have recognized in such cases as State v. Wright, 445 So.2d 1198 (La.1983) (No. 82-KA-2012), State v. Graham, 422 So.2d 123 (La.1982), and State v. Sutton, 436 So.2d 471 (La.1983), the court does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion. Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not `have found proof of guilt beyond a reasonable doubt'. Jackson v. Virginia, above." State v. Captville, 448 So.2d 676 (La. 1984).
Defendant argues that "conditions [that]... are usually associated with alcohol [as described by the state's witnesses] ... may be normal to this individual due to physical problems or other disabilities [and that] only a combination of some abnormal influence due to alcohol ingestion can yield a definite conclusion as to alcohol influence." Defendant's argument concludes that "common sense and experience dictate that many individuals can pass the field sobriety test while intoxicated and vice versa [and that] ... as this appellant was presumed innocent ... physical defects [which were not ruled out by the state] ... could well explain [appellant's] non-perfect performance of the [field sobriety] tests ..."
We agree that the state had the burden of proof, but find that the state fulfilled its burden of proving that defendant was driving under the influence by the testimony detailed and summarized above. LRS 14:98, 15:432, 438. The state was not required to prove its case to a "definite conclusion," to the exclusion of any other possible hypothesis, but only beyond a reasonable doubt and to the exclusion of any other reasonable hypothesis.
Certainly it is possible to hypothesize that some physical problem, defect, or disability could affect defendant's or anyone's ability to drive or to perform the field sobriety test. This defendant exhibited no apparent physical problem. The officer, who had known defendant for about 10 years, testified that defendant did not have a speech impediment. Defendant's employer did not suggest that defendant had any disability that would affect his driving or performance of the sobriety test. Under these circumstances, and viewing the record most favorably towards support of the jury verdict, we determine that the alternative hypothesis of the defendant is not sufficiently reasonable to cause us to conclude that a rational juror could not have found proof beyond a reasonable doubt. Captville, supra, and cases cited therein.
Defendant's conviction is AFFIRMED.
NOTES
[1] The DWI charge was consolidated in the trial court with a speeding charge. Only the DWI conviction is appealed.