471 So.2d 1181 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joe KING, Defendant-Appellant.
No. CR84-954.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1183 Vernon Clark, Smith, Ford & Clark, Leesville, for defendant-appellant.
Asa A. Skinner, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KNOLL, Judge.
Defendant, Joe King, was tried by a twelve member jury for distribution of marijuana, a violation of LSA-R.S. 40:966 A and B(2), and found guilty of attempted distribution of marijuana. After a pre-sentence investigation, the trial court sentenced defendant to serve five years at hard labor, to run consecutive to any other sentence defendant may be subject.
Defendant's appeal alleges that the trial court erred: (1) in allowing the evidence envelope and a carbon copy of the evidence receipt into evidence since the proper foundation and chain of custody of the evidence had not been shown; (2) in allowing the lab report into evidence without the State giving prior notice of its intent to file such report; and (3) in imposing a constitutionally excessive sentence. For the following reasons we affirm defendant's conviction and sentence.

FACTS
Defendant was arrested as the result of an undercover investigation of drug activity around the public schools in Vernon Parish. At the request of the mayor of Leesville and Officer Dale Miller of the Leesville City Police, Mr. Arcie Drain, a local businessman, agreed to participate in the undercover drug operation. Drain and Officer Miller devised a plan whereby Drain would let it be known that he wanted to buy drugs from his store. The whole transaction would be observed by Officer Miller, who would be in a hidden vantage point.
After devising the plan, Drain drove to the Triple J Car Wash, saw defendant, and told him he wanted to purchase two bags of marijuana. Approximately fifteen minutes later defendant arrived at Drain's store with a package containing two plastic bags of marijuana. Drain paid defendant $40 for the package. Officer Miller, hidden behind a partially opened door in Drain's store, observed the entire transaction. After the defendant left, Drain immediately gave the package to Officer Miller. The Southwest Louisiana Crime Lab later examined the contents of the two plastic bags and identified the substance as marijuana.

CHAIN OF EVIDENCE
Defendant argues that the trial court erred in allowing into evidence a yellow evidence envelope containing the marijuana defendant sold without establishing a proper foundation and showing a chain of custody.
To admit demonstrative evidence at trial, the law requires that the object be identified either by in-court identification or by chain of custody. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A sufficient foundation has been laid for the admission of demonstrative evidence if it has been established that it is more probable than not that the object is the one connected with the case. State v. Smith, 430 So.2d 31 (La. 1983). Ultimately, connexity of evidence is a factual matter for determination by the *1184 trier-of-fact. State v. Vaughn, 431 So.2d 763 (La.1983).
We find that the State laid a proper foundation for the admission of the two bags of marijuana. Lt. Massey, who received the evidence envelope, identified the evidence at trial as being the same marijuana presented to him by Officer Miller, the day after the crime was committed, and an unbroken chain of evidence was established. The record supports that it was more probable than not that the two bags of marijuana introduced at trial were the same seized by Officer Miller on March 24, 1983.
Defendant also argues that a carbon copy of an evidence receipt was erroneously admitted into evidence. A copy of a document, certified by the officer who is the legal custodian of the document, is equivalent to the original in authenticity. LSA-R.S. 15:457. The State's exhibit was a carbon copy of the original, certified at trial by Sandra Dailey Havens, the legal custodian of such records for the Calcasieu Parish Crime Lab, during her testimony. Accordingly this evidence was properly admitted by the trial court.

INTRODUCTION OF THE LAB REPORT
Defendant argues that the trial court erred in admitting a laboratory certificate which identified the contents of the two plastic bags as marijuana without first giving defendant notice of its intent to use the report.
LSA-R.S. 15:501 provides:

"The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate." (Emphasis added.)

The purpose of requiring the State to give notice to defendant of its intention to use the certified criminal lab report is to permit defendant to adequately present his defense and avoid being surprised. State v. Sims, 426 So.2d 148 (La.1983).
The issue presented by defendant's argument in this assignment is whether the certificate is admissible without notice when the State offers proof of the chemical analysis of the marijuana through testimony. Defendant argues that R.S. 15:500 and 15:501 do not relieve the State of the burden of notice of the State introduces the certificate, notwithstanding proof by testimony. We disagree. The State offered proof of the results of the chemical analysis of the marijuana through the direct testimony of Francis Touchet, the chemist who analyzed the substance and prepared a written report of his findings. The certificate was prepared under his direction and supervision, and bears his signature. The requirement of R.S. 15:501 to give notice is operative only when the certificate is used in lieu of the testimony of the preparer of the lab certificate. Accordingly, there was no error in the trial court's ruling since proof of the certificate was by means of trial testimony and not by means of the lab certificate.
Defendant finally argues that he was prejudiced by the admission of the certificate in evidence since under R.S. 15:500 the report is prima facie proof of proper custody of said evidence. This argument is without merit. The State did not rely on R.S. 15:499 et seq. for meeting its burden of proving the suspected substance was marijuana or to establish the proper chain of custody. The State elected to prove these issues by the testimony of the witnesses. When the State relies on proof by testimony of the witnesses, the certificate does not then represent prima facie proof of its content or of proper custody. This is clearly provided in the last portion of R.S. 15:500, which states in pertinent part:

"... provided that the party against whom the certificate is sought to be used may summons those making the original of said certificate as witnesses under cross-examination, and in such cases the certificate shall not be prima *1185 facie proof of its contents or of proper custody."

We, therefore, conclude that the certificate was properly admitted in evidence.

EXCESSIVE SENTENCE
Defendant contends that the imposition of five years at hard labor is excessive. Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La. 1982).
The maximum sentence for attempted distribution of marijuana is imprisonment at hard labor for five years and a $7,500 fine. LSA-R.S. 40:966 (B)(2) and 14:27. Although defendant's sentence falls within the statutory limits, it is judicially recognized that a sentence, although within the statutory limits, may violate defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court's reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). The sentencing court's failure to adequately comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La. 1983).
The trial court considered the pre-sentence investigation, and stated at the sentencing hearing:

"Provocation is not a factor, nor have any facts come to my attention which tend to excuse or justify the conduct in which he was engaged. As mentioned by counsel, there is some inducement in this case, but, the inducementthe fashion in which it came about was something that was essentially unknown to this defendant. It's simply unaware that the persons with whom he was dealing were law enforcement officers or persons working with law enforcement officers. Compensation is not a factor. In looking at this defendant's record I find that he has been arrested nine times for drug related offenses. Including the arrest for this offense. An offense of distribution of marijuana on March 25, 1983 was dismissed as part of a plea bargain. At the same time, an offense of distribution of phenmetrazine was reduced to attempted possession of that substance, also a part of the plea bargain and resulted in a sentence of two and a half years at hard labor and a twenty-five hundred dollar fine. On five earlier occasions of drug related arrests proceedings were either never commenced or were never completed. In 1977, he was convicted of burglary, theft and distribution of marijuana and placed on unsupervised probation after serving a thirty-two day jail term. There have been several misdemeanor convictions for offenses such as theft and disturbing the peace as well as bond forfeitures. Mr. King is presently serving the two and a half year sentence that I had previously mentioned with the Louisiana Department of Corrections. I find no circumstances that might be *1186 described as unique, unusual or unlikely to recur in the commission of this particular offense. I'm going to note that this defendant has been the recepient [sic] of a great deal of leniency with an apparent negative rather than positive result. His reputation for truth and veracity is poor and persons acquainted with him indicate that he has been engaged in soliciting for prostitution and drug traffic since he was thirteen years of age. As a second felony offender he is a most unlikely prospect for probationary treatment and in the opinion of the court is undoubtedly in need of a custodial environment."

We find the sentencing court adequately complied with the sentencing guidelines set forth in Article 894.1. We further find that, in light of the disposition of other drug related offenses, coupled with the defendant previously serving a 2½ year sentence at hard labor for attempted possession of phenmetrazine, the record fully supports the sentencing choice.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Joe King, is affirmed.
AFFIRMED.