STOKER, Judge.
Defendant, Mark S. Phillips, was charged by bill of information with the crime of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, and was convicted of attempted simple burglary of an inhabited dwelling by a 12-person jury. Defendant was sentenced to 2V2 years at hard labor. Defendant appeals his conviction and sentence.
FACTS
On October 29, 1987 Debra Hallmark convinced defendant that Peter White owed her some money. The two drove to White’s house and removed the screen and glass from a door to the house. Defendant then entered the home and removed a tool box and several pieces of costume jewelry. Later that night Hallmark was arrested for the burglary. After Hallmark told the officers what had happened, defendant was apprehended with the costume jewelry.
CONVICTION
Defendant contends the trial court erred in finding that the State proved beyond a reasonable doubt that he was guilty of attempted simple burglary of an inhabited dwelling. However, this assignment was not briefed and is therefore considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3d Cir.1983).
ARTICLE 894.1 COMPLIANCE
Defendant contends the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and imposed an excessive sentence.
In order to comply with the requirements of Article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Sims, 410 So.2d 1082 (La.1982). The requirements of Article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory sentencing guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3d Cir.1984). Even if the trial judge does not adequately consider the guidelines of Article 894.1, where the sentence is apparently not severe and the record clearly illuminates and supports the sentencing choice, it will not be required to be remanded for resentenc-ing. Smith, supra; State v. King, 471 So.2d 1181 (La.App. 3d Cir.1985).
We find the trial judge adequately considered the sentencing guidelines set forth in Article 894.1. Initially, we note that a sentencing factors checklist was used by the court. Also, in his oral reasons the trial judge expressly considered defendant’s prior felony conviction and history of criminal activity, the need for correctional treatment and a custodial environment, the seriousness of the crime, the possibility of serious trouble resulting had the victim returned home while defendant was burgling his house, the provocation by Hallmark which induced defendant to commit the offense, the culpability of the victim which also induced defendant to commit the offense, the fact that defendant retained some of the stolen property for himself and, finally, the fact that defendant has no dependents. The record reflects more than adequate compliance with Article 894.1
EXCESSIVE SENTENCE
We also find that defendant’s sentence is not excessive. A sentence imposed, although within the statutory limits, *194 may still violate the defendant’s constitutional right against excessive punishment. The excessiveness of the sentence is reviewable by the appellate courts. LSA-Const. Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). The statutory guidelines of Article 894.1 furnish criteria by which the reviewing court can measure whether a sentence is excessive. Sepulvado, supra; State v. Cox, 369 So.2d 118 (La.1979). To constitute an excessive sentence the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to society as to shock one’s sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980).
The initial focus in reviewing an excessive sentence claim should be on the nature of the offender and of the offense. In considering the nature of the offender, we note that defendant has one prior felony conviction and, apparently, did not respond well to the probationary treatment he received for that offense.
As to the nature of the offense, we note the trial court found the defendant’s entrance into White’s house was surreptitious and that, if White had returned home at that time, there might have been trouble. The trial court believed that defendant had taken such possibility into consideration. Moreover, although the crime was supposedly initiated in order to “collect a debt” owed by White to Hallmark, defendant did retain some of the stolen property for himself. The trial court also took into consideration the facts that Hallmark induced defendant to commit the crime and that White’s past conduct had been culpable. The trial court noted that this was probably the reason the jury found defendant guilty of only the attempted offense, although the offense had actually been completed.
A review of defendant’s history is also relevant. Defendant has a prior conviction for grand larceny in Mississippi for which he was sentenced to five years probation which was revoked after two years. Defendant completed his sentence in prison.
Defendant has now been sentenced to 2½ years imprisonment at hard labor. The maximum sentence defendant could have received is six years at hard labor, under LSA-R.S. 14:62.2 and 14:27. As a second felony offender, defendant is not eligible for probation. Given the fact that defendant’s actions could have resulted in serious harm and defendant’s apparent willingness to participate in this type of crime, we find that the sentence imposed is not grossly disproportionate to the crime.
DECREE
For the reasons given, defendant’s conviction and sentence are affirmed.
AFFIRMED.