YELVERTON, Judge.
Arthur “Red” Broussard pleaded guilty to purse snatching, a violation of La.R.S. 14:65.1, and was sentenced to seven years at hard labor. He appeals assigning two errors: failure of the trial court to comply with the sentencing guidelines of La.C. Cr.P. art. 894.1, and excessiveness of the sentence.
Broussard, 33 at the time of the offense and 34 when he was sentenced, admitted at his guilty plea that he took Mary Mouton’s purse from her in Lafayette on July 21, 1987. In exchange for the guilty plea the state agreed that it would not bill defendant as a multiple offender at sentencing.
At sentencing the court took into consideration a presentence investigation report, as well as a number of character letters written on his behalf by defendant’s friends. The judge gave a sentence of seven years at hard labor largely based on the defendant’s criminal background. He had a juvenile record and a long history of offenses as an adult, dating back to 1971. In 1982 he was sentenced to two years of supervised probation on a plea of guilty to theft of over $500, a charge which had been amended down from armed robbery. During the probation period the sentencing judge scheduled a revocation hearing to consider a number of probation violations: an arrest for carrying a concealed weapon; his conviction in 1983 for trespassing and resisting an officer; a pending forgery charge in district court; a conviction for possession of a concealed weapon; and his failure to complete the payment of the fine imposed on the probated sentence. Brous-sard failed to appear at the first revocation hearing scheduled and a fugitive warrant had to be issued. At the next revocation hearing his probation was revoked. Brous-sard was later convicted of the forgery charge mentioned above, and sentenced to two years at hard labor. The present offense of purse snatching is Broussard’s third felony.
The sentencing judge mentioned these things at the hearing. He also indicated his awareness of the fact that the defendant was married and had seven young children, and that one of those children was currently recovering from a traffic accident. The victim in this case was a 52 year old woman and the trial court took note of the fact that the offense involved some danger to the victim. There were indications that the purse was ripped from the victim’s arm.
La.R.S. 14:65.1 declares that whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and not more than twenty years. In defendant’s case, his prior felonies made him ineligible for probation. Therefore, he had to serve somewhere between two and twenty years. A sentence of seven years was in the bottom half of his sentencing exposure. We find that the sentencing judge gave adequate consideration to the sentencing guidelines of Article 894.1. He considered the important elements of the defendant’s personal history, prior criminal record, the seriousness of the particular offense, and the likelihood of rehabilitation or rescidivism. State v. Soco, 441 So.2d 719 (La. 1983). The sentence is not apparently severe and the record clearly illuminates and supports the sentencing choice. State v. *658 King, 471 So.2d 1181 (La.App. 3d Cir.1985). The court weighed the aggravating and mitigating circumstances. The plea bargain avoided his exposure to a sentence as a multiple offender. Applying the settled law of this state regarding the criteria to be employed in the determination of whether or not a sentence is excessive, we do not find that this sentence of seven years at hard labor was excessive,
AFFIRMED,